BENJAMIN B. WAGNER
United States Attorney
KEVIN P. ROONEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>PHLOUCH OUK,<br>Defendant. | CASE NO. 1:13 CR 320 AWI/BAM<br><br>MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11 (e) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE<br><br>Date :<br>Time:<br>Courtroom: |

Pursuant to Rule ll(e) of the Federal Rules of Criminal Procedure, the United States of America, by and through Benjamin B. Wagner, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Kevin P. Rooney, and defendant Phlouch Ouk, and his attorney, Andras Farkas, agree as set forth below.

1. Charges.

(a) The defendant acknowledges that he has been charged by Indictment as follows:

Count One: Manufacturing marijuana. It is further alleged that this offense involved fifty or more marijuana plants.

A forfeiture allegation is also contained in the Indictment.

2. Nature, Elements and Possible Defenses.

The defendant has read the charges against him contained in the Indictment in this case, and the charges have been fully explained to him by his attorney. Further, the defendant fully understands the

nature and elements of the crimes with which he has been charged, together with the possible defenses thereto, and has discussed them with his attorney.

The defendant understands that in order to prove him guilty of the charge of manufacturing marijuana, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intentionally manufactured or cultivated marijuana and;

Second, the defendant knew it was marijuana or some other prohibited drug.

The defendant understands that before a term of imprisonment of more than five years could be imposed for the offense of manufacturing marijuana, the government must prove each of the following facts beyond a reasonable doubt:

That the offense involved the actual manufacturing of fifty or more marijuana plants.

3. Agreements by the Defendant.

(a) The defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

(b) The defendant agrees enter a plea of guilty to the Indictment charging manufacturing marijuana and to admit that the offense involved fifty or more marijuana plants.

(c) Defendant hereby acknowledges the benefits he has received pursuant to the plea disposition set forth in this memorandum and his guilt of the offenses to which he is pleading guilty. Defendant hereby waives all rights to contest the means by which his plea of guilty will be entered before the District Court. This waiver includes, but is not limited to, any claim, whether in District Court or in appellate proceedings and on direct appeal or in any collateral attack, including but not limited to challenges pursuant to 28 U.S.C. §§2255 or 2241, that the dictates of Federal Rule of Criminal Procedure 11, or any successor Rules, legislation or case authority, were not followed in the entry of defendant's guilty plea. Defendant also hereby waives any right to appeal his sentence, directly or in any collateral attack, including but not limited to challenges pursuant to 28 U.S.C. §§2255 or 2241, provided that the court follows the agreements of the parties as set out in this agreement.

(d) Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) including but not limited to:

1. Any materials found at the marijuana cultivation site

Defendant agrees that these assets constitute property involved in or used in a knowing violation of 18 U.S.C. § 924. or are derived from, proceeds obtained, directly or indirectly, or were used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of 21 U.S.C. § 841.

Defendant agrees to fully assist the government in the forfeiture of these assets and to take whatever steps are necessary to pass clear title to the United States.

Defendant agrees not to file a claim to any assets subject to forfeiture in any civil proceeding, administrative or judicial, which may be initiated. Defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant waives oral pronouncement of forfeiture at the time of sentencing and any defects in such pronouncement that pertain to forfeiture, and waives any defenses to forfeiture, including any defense predicated on the Ex Post Facto, Double Jeopardy, and Excessive Fines Clauses of the United States Constitution. The defendant knowingly and voluntarily waives any right to a jury trial in any criminal or civil forfeiture proceeding.

(e) The defendant acknowledges that as a consequence of his guilty plea in this case he will become ineligible for (1) assistance under any State program funded under part A of title IV of the Social Security Act [42 U.S.C. § 601 et seq.], (2) ineligible for benefits under the food stamp program (as defined in section 3h of the Food Stamp Act) [7 U.S.C. § 2012(h)] and (3) ineligible for any State program carried out under the Food Stamp Act of 1977 [7 U.S.C. § 2011 et seq.]; all pursuant to 21 U.S.C. 862a. The defendant further acknowledges that as a consequence of his guilty plea in this case he may become permanently ineligible for any or all Federal benefits.

(f) The defendant hereby acknowledges that adverse immigration consequences, including but not limited to removal from the United States, exclusion from admission into the United States, and/or

denial of naturalization in the United States, may result from this plea.

(g) The defendant hereby acknowledges and agrees that any offense level determination, specific offense characteristic and criminal history category as determined pursuant to the Guidelines could change based upon investigation by the United States Probation Office. It is possible that factors unknown or unforseen by the defendant or the government may be considered in determining the offense level, specific offense characteristics and Guideline range. The defendant also acknowledges that the United States Probation Office may also interpret facts or legal matters differently than the defendant or the government resulting in differences in the offense level, specific offense characteristics and Guideline range. Neither the use of unknown or unforseen factors, nor the interpretation of known facts or law in a different manner than anticipated, will provide the defendant with the right to withdraw his guilty plea.

The defendant acknowledges and agrees that the court is not bound by any of the agreements of the parties nor by the government's sentencing recommendations and that it may elect not to follow some or all of them. In no event, will the defendant be allowed to withdraw his plea.

4. Agreements by the Government.

(a) The government agrees to recommend the applicable two or three-level decrease in the defendant's offense level for acceptance of responsibility pursuant to Guideline Section 3E1.1.

(b) The government will recommend that the defendant be sentenced at the bottom of the applicable Sentencing Guideline range based on a quantity of one hundred fifty (150) marijuana plants.

5. Joint agreements.

(a) The government will contend that the drug quantity attributable to the defendant is approximately one hundred fifty (150) marijuana plants. The defendant will contend that the drug quantity attributable to the defendant is approximately ninety nine (99) marijuana plants. With the exception of the variance in connection with the possible amendment of the Sentencing Guideline (see plea agreement paragraph 5b immediately following), the defendant agrees that the Guidelines provide for an appropriate sentence and further agrees that he will not argue or advocate in any way for a lesser sentence than that prescribed by the applicable Guidelines predicated upon a drug quantity of at least 99 marijuana plants.

(b) The U.S. Sentencing Commission is considering a proposal that would reduce the Base Offense Level (BOL) under Sentencing Guideline § 2D1.1 by two levels for most drug cases effective on or about November 1, 2014. If adopted, the proposal may be made retroactive to cases sentenced before that date. The government and defendant agree that if sentencing in this case occurs prior to November 1, 2014, and neither the Sentencing Commission nor the Congress has rejected the proposed amendment before sentencing:

(a) This Court should calculate the guideline range without regard to the proposed amendment;

(b) In addition to any other arguments or requests the defendant is permitted to make under the terms of this plea agreement, the defendant is free to request a downward variance equivalent to the reduction in final guideline range he would receive were the proposed amendment effective on the date of sentencing; and

(c) The government will not oppose such downward variance request other than to the extent the government disagrees as to its correct calculation.

(d) The defendant agrees that if the Court grants the requested variance, the defendant will not seek a further reduction in his guideline range or sentence based on the proposed amendment in any manner, including but not limited to, in a motion pursuant to 18 U.S.C. § 3582(c) or 28 U.S.C. §§ 2255 or 2241, an administrative petition, or any other action or filing.

5. Factual Basis.

The defendant will plead guilty because he is in fact guilty of the crime set forth in Count One of the Indictment in this case and the defendant also agrees that his guilty plea will be based upon the following facts, although he acknowledges that, as to other facts, the parties may disagree:

Between approximately June 1, 2013 and August 1, 2013, in Fresno County, State and Eastern District of California, defendant Phlouch Ouk knowingly and intentionally cultivated and grew fifty or more marijuana plants. At all relevant times, defendant Ouk knew he was growing marijuana. During the summer of 2012, defendant Ouk was contacted at a different Fresno County marijuana

cultivation site and was informed by English speaking law enforcement that growing marijuana is prohibited by federal law.

7. Potential Sentence.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining his sentence. Defendant understands that the Court will determine a non-binding, advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consideration of the Sentencing Guidelines, must impose a reasonable sentence in light of the factors set forth in 18 U.S.C. § 3553(a).

The following is the maximum sentence the Court may impose:

Count ~~Two~~ One: Manufacturing marijuana involving fifty or more marijuana plants.

(a) Imprisonment.

Mandatory Minimum: None.

Maximum: Twenty years (20).

(b) Fine.

Mandatory Minimum: None.

Maximum: One Million Dollars ($1,000,000)

(c) Both such fine and imprisonment.

(d) Term of Supervised Release.

Mandatory Minimum: Three years.

Maximum: Life.

(Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the lesser of the period of supervised release actually imposed by the Court or two years).

(d) Penalty Assessment.

Mandatory: One Hundred Dollars ($100).

8. Waiver of Rights.

The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e) At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify. However, if he chose to do so, the defendant could testify in his own defense.

(f) The defendant understands that by pleading guilty he is waiving all of the rights set forth above and the defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

(g) The defendant understands that he has a right to counsel throughout this case from his initial appearance through his trial or guilty plea or dismissal of the case against him and through and including any sentencing. Unless waived in this agreement, the defendant has a right to counsel for a direct appeal in this case. The defendant understands that the right to counsel includes the provision of defense counsel through the court if the defendant cannot afford to hire counsel.

9. Questions by Court.

The defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury or false statement.

10. Entire Agreement.

The defendant and his attorney acknowledge that no threats, promises or representations have been made, nor agreement reached, other than those set forth in this Agreement and the attached stipulation to a consent judgment.

11. Court not a Party.

It is understood by the parties that the sentencing Court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth above.

12. Presentence Report.

The defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of the defendant's activities and his background and prepare a presentence report which it will submit to the court as its own sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the

///

court, of the full and true nature, scope and extent of the defendant's criminal activities concerning the charge to which the defendant is entering a plea of guilty.

Dated: ~~June~~ Aug 1, 2014

BENJAMIN B. WAGNER
United States Attorney

KEVIN P. ROONEY
Assistant United States Attorney

Dated: June 13, 2014

ANDRAS FARKAS
Attorney for Defendant

Dated: June 13, 2014

Phlouch Ouk
Defendant PHLOUCH OUK